IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 17-1867 |
| | : | |
| HOUSTON CASUALTY COMPANY, *et al* | : | |

# ORDER-MEMORANDUM

**AND NOW**, this 8th day of August 2018, upon considering Defendant Houston Casualty Company's Motion for leave to file (ECF Doc. No. 128) a motion to amend an answer and file a cross-claim along with attached Exhibits 2-11 under seal, Defendant BB&T Corporation's Memorandum (ECF Doc. No. 129), Plaintiff's Memorandum (ECF Doc. No. 130), review of requested redactions *in camera* under our Policies and finding the parties fail to show particularized harm to preclude public access to a motion with attached documents purportedly relating to a potential indemnity claim, it is **ORDERED** Defendant's Motion (ECF Doc. No. 128) is **DENIED**.

### *Analysis*

Businesses know there is no such thing as a free lunch. Yet when they ask public servants to resolve their complex disputes, the businesses often cite and attach internal documents which may not be necessary to meet their pleading burden and ask us to preclude the public access which is fundamental to federal courts. We appreciate the types of extraordinary private information or confidential and trade secret information which may preclude public access - particularly as to future plans which could impact the businesses' confidential business

model. But the federal courts are not private arbitrations and the price to pay for the public trust in resolutions reached under Article III is the public viewing of controversies.

Pleading is not evidence. A cross-claim is not a summary judgment memorandum. This internal non-privileged information partially representing private discussions between opposing parties may be sensitive. We have no basis it rises to the level necessary to preclude public access. To the extent their lawyers believe they need this level of detail to move forward under Fed.R.Civ.P. 8, the businesses cannot have it both ways in a federal court.

Defendant Houston Casualty Company now seeks leave to file an indemnity cross-claim through a motion under seal. The proposed Motion and attached documents reference a series of agreements, arbitration information and settlement negotiations plead in the proposed Motion. This information may be material to their claim for indemnity for trial. But it asks us today to seal or redact significant portions of its proposed Motion for leave which describes the terms of agreements for our interpretation. Houston Casualty's stated cause is based on the parties treating the 2010 negotiations as confidential. Even assuming this information is not stale, we need more than a conclusory claim to preclude public access.

The common law right of access to judicial proceedings and judicial records" is a right which our court of appeals holds is "'beyond dispute.'"[1] The burden of justifying the confidentiality of each document sought to be covered by a protective order remains on the party seeking the order.[2] Right of access to judicial records is not absolute.[3]

---

[1] *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir.1988)).

[2] *Id.* at 1122.

[3] *Id.* at 221 (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).

2

We have "supervisory power over [our] own records and files" and may deny access "where court files [may] become a vehicle for improper purposes."[4] Our court of appeals permits us to seal documents where justice requires.[5] Right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court."[6] A "'strong presumption' in favor of accessibility attaches to almost all documents created in the course of civil proceedings."[7] Beyond evidence, the common law right of access includes all judicial records and documents, "transcripts, evidence, pleadings, and other materials submitted by litigants ..."[8]

We do not preclude public access absent particularized good cause. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity."[9] "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a good cause showing.[10] We must make "specific, rigorous findings before sealing" court filings.[11]

Houston Casualty offers a conclusory reason to seal both its motion and exhibits 2-11: "[b]ased on the non-public and confidential nature of these documents." It seeks to redact

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* (internal quotations omitted).

[8] *United States v. Martin*, 746 F.2d 964, 968 (3d Cir.1984).

[9] *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984).

[10] *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986), *cert. denied*, 484 U.S. 976 (1987).

[11] *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016).

3

portions of its proposed Motion for leave "relating to the [June 24, 2010 Stock Purchase Agreement] which – if disclosed to the public – would reveal confidential, sensitive information about the parties."[12] This conclusion relating to 2010 information is the entirety of the clearly defined and serious injury. We have no specificity. Houston Casualty does not come close to the standard we must show to preclude the public from obtaining access.[13]

Possibly recognizing Houston Casualty could not adequately describe their confidentiality concerns, BB&T Corporation and the Plaintiff filed separate memoranda with do but offer more specific grounds to seal exhibits 2, 3, 5, 10 and 11.[14] Exhibit 2 is a stock purchase agreement which they claim has little impact on whether we should allow Houston Casualty to amend its answer. Their argument as to this stock purchase agreement otherwise fails to show particularized harm from disclosure. Exhibit 3 is part of the 2010 stock purchase agreement which Plaintiff argues is "obviously sensitive business information not directly relevant to the claims…" This is not enough specificity. Not obvious to us. Further, if the document does not affect our present decision to grant leave to amend (especially if the parties consent), Houston Casualty may not wish to attach it to the proposed motion. BB&T Corporation offers no better explanation for sealing this exhibit 3. Exhibit 4 is a Notice of Arbitration and Amended Statement of Claim. BB&T Corporation and Plaintiff argue we should seal this document because we would otherwise discourage arbitrations. The parties' wishes in a private arbitration – including their reasons for wanting to arbitrate one dispute and not this one – are not outcome

---

[12] ECF Doc. No. 128, ¶¶ 5, 7.

[13] We appreciate a party may not always know why an opposing party asserts confidentiality. We expect experienced federal trial counsel will cooperate to determine the particularized harm claimed by opposing parties to aid motions to seal other parties' documents.

[14] They do not offer grounds to seal language in Houston Casualty's proposed Motion for leave.

4

determinative of our obligation to ensure public access. Neither party shows us a particularized harm to the parties from allowing public access to an arbitration demand between Universitas Education LLC and Plaintiff. Exhibit 10 is a draft complaint and Exhibit 11 is a tolling agreement. They refer to negotiations between the parties relating to pending litigation. The parties do not show us reasons for sealing these discussions.

While BB&T Corporation and Plaintiff present more a fulsome argument, they still do not show a clearly defined and serious injury other than the risk of their business dealings being known to the public who pays for the tribunal they invoke. We cannot meet our independent burden of precluding public access to these documents. BB&T also argues we should grant the motion because all parties agree to the seal. It misses the point – our obligation is to the process and not to the parties' agreements. Parties cannot seal public records by agreement. The parties present no particularized good cause for sealing the identified redacted information other than claiming confidentiality simply because of a private agreement. Their agreement does not govern our obligation to ensure public access.[15] Unlike discovery exchanges, the parties now ask a public servant to review a public filing and grant relief.[16]

Plaintiff also claims all or parts of proposed exhibits 5-9 should be redacted or sealed as they are letters referring to and quoting the 2010 Stock Purchase Agreement. If offers no other cause. Conclusory claims are insufficient. We also found no stated particularized harm in public access to the 2010 Stock Purchase Agreement.

---

[15] *See Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D.Mass. 2015) ("It stems from the parties' misconception that they, rather than the court, get to decide when documents are sealed.").

[16] We recognize parties may agree to hold discovery confidential and we will enforce a breach of the confidentiality agreement so long as it does not affect our independent obligation to ensure public access in most instances. *North Jersey Media Grp., Inc. v. United States*, 836 F.3d 421 (3d Cir. 2016).

We need a clearly defined and serious injury with articulated reasoning to preclude public access. The parties have not met this standard of specificity first described in *Pansy*.[17] In applying the factors offered by our court of appeals, there is no basis to find embarrassment or harm to competitive standing in the marketplace.[18] This is not a case involving future business plans. If the parties consent or we order an amended answer, the issue may be interpreting past conduct under a long established contractual obligation. This is not a case involving privacy interests. The case does not appear to involve public concerns. We are not reviewing the sharing of information among the parties to ensure fairness – in which case we authorized the parties enter into a private confidentiality agreement for discovery materials to ensure fulsome production. We are not aware of trade secrets. We are also not reviewing a settlement agreement conditioned on confidentiality.[19]

On balance, Houston Casualty, BB&T Corporation and Plaintiff have not met their burden to seal allegations or documents partially comprising a motion for leave to file an amended answer with cross-claim. The parties also have alternatives: they could consent to amendment and avoid the extensive allegations or, upon closer review of their Rule 8 pleading obligations, may omit some of the material which is not necessary for our analysis.

We do not see – at least today – particularized grounds to block public access because the parties are entities.[20] If they wish a public servant's consideration of materials which are not

---

[17] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

[18] *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995).

[19] *Fair Laboratory Practices Assocs. v. Riedel*, 666 F. App'x 209 (3d Cir. 2016).

[20] We rarely review individual's claims for confidentiality in their financial disputes other than their private identifiers. For example, we have not seen a confidentiality order for an unsuccessful home purchase or negotiations with an adjuster seeking coverage.

6

trade secrets but may be "sensitive" to their business, i.e., may affect their balance sheet based on past conduct, they should expect public review in a federal courthouse just like every other litigant.

As the parties have not met their burden, we must deny their motion to seal the proffered materials should they elect to include them in a filing. We do not lift the redaction on the present motion to seal.

KEARNEY, J.